# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BRESLIN, et al., | : | CIVIL ACTION |
|     Plaintiffs | : | |
| | : | |
| vs. | : | NO. 12-0360 |
| | : | |
| DANIEL WYRICK, | : | |
|     Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                                                                                                          **August 21, 2018**

      This is the second civil rights action filed by three plaintiffs against their local township and some of its officials. It is very similar to the previous action they filed in 2009. See Breslin v. Dickinson Township, et al., 09-cv-1936 ("Breslin I"). The complaint allegedly "addresses a number of violations of the plaintiffs' rights as guaranteed by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States." The plaintiffs also allege that Moving Defendant Daniel Wyrick violated their rights to petition for redress under the First Amendment to the U.S. Constitution, and their rights to the equal protection of the law under the Fourteenth Amendment to the U.S. Constitution. See Counts I and IX. They also allege that Mr. Wyrick violated their state law rights to be free of "false light" misrepresentations, defamation, slander, and libel, and to be free of the pernicious effects of civil conspiracies. See Count VII. Defendant Wyrick filed a motion to dismiss for failure to state a claim upon which relief can be granted. The plaintiffs responded. For the following reasons, I will grant the motion in its entirety.

## I. BACKGROUND

The plaintiffs are three retired senior military officers who are residents of Dickinson Township, Cumberland County, Pennsylvania.. The complaint includes a number of violations of the plaintiffs' rights as guaranteed by the First, Fourth, and Fourteenth Amendments. Specifically, the plaintiffs allege that their First Amendment rights to comment on matters of public concern free of retaliation, and their rights to petition for a redress of grievances free of retaliation were violated by the defendants. Further, they allege that their rights to privacy as protected by the Fourth Amendment and their Equal Protection rights under the Fourteenth Amendment were violated by the defendants, and that several of the defendants conspired to knowingly make false claims of potential criminal wrongdoing and knowingly enabling false claims and baseless innuendoes to be made public. This conduct was allegedly done with the express intent of destroying the plaintiffs' reputations, tainting potential jury pools, and intimidating the plaintiffs from exercising their rights of expression and to petition for redress.

The plaintiffs further allege that the defendants hid certain information from them after the plaintiffs requested that information pursuant to Pennsylvania's Right-to-Know laws. They also claim that the defendants forced the plaintiffs to pay hundreds of dollars of fees in connection with these requests where other citizens did not have to pay. The information requested was allegedly directly related to the original complaint filed in Breslin I.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent rulings, however, the Supreme Court has rejected language in Conley stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a "complaint must allege facts suggestive of [the proscribed] conduct," Twombly, 550 U.S. at 564, and it must contain enough factual matters to suggest the required elements

3

of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must be careful to recognize that, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." Id. at 679 (emphasis added). In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which *are* entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id. (emphasis added).

While Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED.R.CIV.P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, the plaintiff must provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Twombly, 550 U.S. at 554). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

4

## III. DISCUSSION

### A. Count I – First & Fourteenth Amendment Violations

The plaintiffs state that "under the First and Fourteenth Amendment to the United States Constitution, plaintiffs have a right to comment on matters of public concern, to question public officials for purposes of accountability, and to seek redress free of intimidation, retaliation, or unequal protections." See Compl. ¶ 48. They further state that they also have a right to speak in front of and to petition Dickinson Township's elected and appointed officials the same as other citizens similarly situated. Id. In Count I, the plaintiffs allege that the defendants, namely Raymond Jones, Susan Smith, Allyn Perkins, Daniel Wyrick, and Dickinson Township, violated those rights when they did not permit the plaintiffs to speak at Township meetings in March 2010, June 2010, November 2010, March 2011, October 2011, November 2011, and December 2011. On the dates alleged, however, Mr. Wyrick was not in a position to prevent the plaintiffs from speaking at those meetings. Public records show that Mr. Wyrick lost the election for Dickinson Township Supervisor in 2009. Jonathan Reisinger, the new Supervisor, took over that position in January 2010. Accordingly, Mr. Wyrick was never in a position to prevent the plaintiffs from speaking during a Township meeting at any time during the relevant time period in this action.[1] Thus, the plaintiffs cannot state a claim against Mr. Wyrick relating to the alleged deprivation of their First Amendment rights.

---

[1] I note that this complaint was not filed until February 6, 2012, more than two years after Mr. Reisinger replaced Mr. Wyrick as Township Supervisor. Any similar incident involving alleged constitutional violations which occurred before February 6, 2010 would be dismissed here as untimely because claims for civil rights violations under 42 U.S.C. § 1983 are governed by

5

Further, the only specific allegation against Mr. Wyrick in Count I is that he requested a public hearing relating to his own employment with the Township, and that he subsequently withdrew that request, negating the need for a hearing. As Mr. Wyrick insists, his request complied with the terms of the Pennsylvania Sunshine Act, 65 Pa. C.S. § 701, *et seq.*, which provides that an executive session may be held:

> To discuss any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of performance, promotion or disciplining of any specific prospective public officer or employee or current public officer or employee employed or appointed by the agency, or former public officer or employee, provided, however, that the individual employees or appointees whose rights could be adversely affected may request, in writing, that the matter or matters be discussed at an open meeting. The agency's decision to discuss such matters in executive session shall not serve to adversely affect the due process rights granted by law, including those granted by Title 2 (relating to administrative law and procedure). The provisions of this paragraph shall not apply to any meeting involving the appointment or selection of any person to fill a vacancy in any elected office.

65 Pa. C.S. § 708(a)(1). Accordingly, the right to a public hearing belonged to Mr. Wyrick. When Mr. Wyrick withdrew his request to exercise this right, the terms and conditions of his employment were no longer a proper topic for a public meeting. The plaintiffs had no right to interfere with the privacy afforded Mr. Wyrick by the Sunshine

---

Pennsylvania's two year statute of limitations. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002). Furthermore, contrary to what the plaintiffs allege, "[t]he Third Circuit does not apply the continuing violations doctrine in the Section 1983 context." Young v. Beard, 2009 U.S. Dist. LEXIS 87249, *15 (M.D. Pa. May 29, 2009)(citing Hunt v. Pa. Dep't. of Corrections, 289 F.App'x 507, 509 (3d Cir. 2008)(noting that "neither this Court nor the Supreme Court has ever applied the continuing violation doctrine outside of the employment discrimination context")).

Act. Accordingly, the plaintiffs did not have any right to speak publically about Mr. Wyrick's employment. See Breslin v. Dickinson Township, 2012 U.S. Dist. LEXIS 186277, *64-65 (E.D. Pa. March 23, 2012) (holding that state law properly exempts discussions involving Township employees from public meetings). Because the plaintiffs did not have a right to address Mr. Wyrick's employment at a public meeting, and because Mr. Wyrick was not in a position to prevent the plaintiffs from speaking at Township meetings during the relevant time period, I will grant the motion to dismiss Mr. Wyrick as a defendant in Count I.

### B. Count VII – Violation of State Law Rights to be Free of "False Light" Misrepresentations, Defamation, Slander, and Libel, and to be Free of the Pernicious Effects of Civil Conspiracies.

In Count VII, the plaintiffs allege that Defendants Daniel Wyrick, Susan Smith, Allyn Perkins, and John Morgenstern, intentionally engaged in a campaign to present the plaintiffs in a "false light." They further allege that these defendants intentionally engaged in an effort to defame, slander, and libel the plaintiffs by using Defendant Wyrick as their "shill" to publicly suggest that the plaintiffs engaged in criminal wrongdoing and other nefarious activities. Specifically, the plaintiffs complain that in 2010, Mr. Wyrick posted a statement online describing Plaintiff Breslin as the Bernie Madoff of Dickinson Township. In June 2010, he suggested that military officers who commit crimes put their military pensions at risk. On June 9, 2011, Mr. Wyrick posted a comment online suggesting that the plaintiffs had been paid off to settle a lawsuit they

filed against Trammel Crow, a local warehouse developer.[2]  The posting also described individuals with whom the plaintiffs associated as "Kool-Aid drinkers."  On June 22, 2011, Mr. Wyrick posted another statement online suggesting that the plaintiffs had profited personally from the proceeds of a lawsuit filed by a non-profit corporation controlled by the plaintiffs.  On January 3, 2012, Mr. Wyrick suggested that the plaintiffs had not acted in a timely manner in turning down public positions to which they had been elected.

I must agree with Mr. Wyrick that because the plaintiffs must be considered limited purpose public figures for all matters relating to this action, this claim must also fail.  The plaintiffs acknowledge that they were involved in an organization that filed a lawsuit opposing a local warehouse development project.  By filing such a lawsuit, the plaintiffs injected themselves into the public controversy surrounding the lawsuit.  The Supreme Court of the United States has held that:

> The public figure designation may rest on either of two alternative bases. In some instances an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. More commonly, an individual voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues. In either case such persons assume special prominence in the resolution of public questions.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 n.3 (1986) (quoting Gertz v. Robert Welch, Inc., 41 8 U.S. 323, 351 (1974)).  The plaintiffs have affirmatively pled facts to

---

[2]  The Concerned Citizens of Dickinson Township, an organization run by the plaintiffs, entered into a confidential settlement in the action against Trammel Crow.

8

establish that, for all purposes concerning their lawsuit against Trammel Crow, they should be considered limited purpose public figures.

In order to sustain a claim for defamation, the plaintiffs would have to establish that Mr. Wyrick acted with actual malice. Anderson, 477 U.S. at 247. "Mere negligence does not suffice. Rather, the plaintiff must demonstrate that the author in fact entertained serious doubts as to the truth of his publication, or acted with a high degree of awareness of probable falsity." Masson v. New Yorker Magazine, 501 U.S. 496, 510 (1991). The plaintiffs do not meet this standard here.

The plaintiffs admitted that they reached a confidential settlement with Trammel Crow in a lawsuit brought in the name of a non-profit corporation organized and run by the plaintiffs. Accordingly, Mr. Wyrick's alleged statements that the plaintiffs had "lined their pockets" through the Trammel Crow litigation were based on objective facts to which the plaintiffs admit. The statement that the plaintiffs were "bought off" by Trammel Crow also is based on the objective fact that the plaintiffs settled a lawsuit with a developer whose project they once adamantly opposed. Mr. Wyrick's statements do not show serious doubts as to their truth, or that he acted with a high degree of awareness of probable falsity.

Likewise, the comment that those who associate with the plaintiffs are "Kool-Aid drinkers" cannot form the basis of the plaintiffs' claim because the statement did not refer to the plaintiffs, but rather to their associates. The reference to "Kool-Aid drinkers" does not refer to drug use, as the plaintiffs argue, but to the followers of Jim Jones, a religious cult leader in Jonestown, Guyana who committed a mass murder-suicide of almost one

9

thousand followers who blindly drank Flavor Aid laced with cyanide. The reference to "Kool-Aid drinkers" does not have any defamatory meaning for the plaintiffs themselves. Thus, no cause of action for defamation can be based on this statement.

Finally, the claim based on the comment comparing Plaintiff Breslin to Bernie Madoff is barred by the statute of limitations. Under Pennsylvania law, a claim for defamation must be brought within one year. See 42 Pa. C.S. § 5523(1). The plaintiffs' complaint expressly pleads that the statement was made by Mr. Wyrick more than one year before the filing of the complaint. A claim based on that comment is untimely. Accordingly, I will grant Mr. Wyrick's motion to dismiss him as a defendant from Count VII.

### C. Count IX – First & Fourteenth Amendment Violations

In Count IX, Plaintiff Thompson alleges that Defendants Anthony Zizzi, Daniel Wyrick, Raymond Jones, and Dickinson Township violated "his First and Fourteenth Amendment rights and for instigating an FBI investigation on the basis of knowingly false accusations." He alleges that "by engaging in an actionable misconduct, the defendants intentionally acted to deny [his] rights under the First Amendment petitioner clause, and under the equal protections of the law clause of the Fourteenth Amendment."

Specifically, the complaint alleges that Mr. Wyrick claimed at a public meeting in December 2008 that Plaintiff Thompson had admitted to a federal crime, i.e., impersonating a federal law enforcement officer. See Compl. ¶ 232. This statement was made more than three years before the plaintiffs filed this complaint. Such claim, brought under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United

States Constitution, is subject to a two year statute of limitations. A claim based on that comment is untimely. Accordingly, I will grant Mr. Wyrick's motion to dismiss him as a defendant from Count IX.

### D. Sanctions for Bringing Time-Barred and Frivolous Claims

Finally, Defendant Wyrick insists that the plaintiffs' claims are time-barred and "wholly frivolous," and that "it is clear that such claims have been brought in bad faith." Thus, he argues, plaintiffs' counsel is liable for sanctions pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously *may be* required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). The statute, therefore, limits attorney sanctions imposed thereunder to instances where an attorney has: (1) multiplied the proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct. See In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 188 (3d Cir. 2002). The purpose of such sanctions is to deter an attorney from intentionally and unnecessarily delaying judicial proceedings. LaSalle Nat'l Bank v. First Conn. Holding Group LLC XXIII, 287 F.3d 279, 288 (3d Cir. Apr. 24, 2002). Sanctions are limited to the costs that result from such delay. Id.

Courts should exercise this sanctioning power only in instances of a serious and studied disregard for the orderly process of justice. Ford v. Temple Host., 790 F.2d 342,

347 (3d Cir. 1986) (quotations omitted). "The power to sanction under § 1927 necessarily 'carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" LaSalle, 287 F.3d at 289 (quoting Mone v. Commn'r of Intern. Revenue, 774 F.2d 570, 574 (2d Cir. 1985)).

Due to this potential for abuse, it has been well-established that sanctions may not be imposed under § 1927 without a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal. LaSalle, 287 F.3d at 289. Under § 1927, an attorney's "conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." Baker Industr. Inc. v. Cerberus, Ltd., 764 F.2d 204, 208 (3d Cir. 1985). Further, courts "should resist temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff ultimately did not prevail, his action must have been unreasonable or without foundation." Deyo v. St. Luke's Hospital and Health Network, 2010 U.S. Dist. LEXIS 39014, *8 (E.D. Pa. Apr. 19, 2010).

Here, the plaintiffs' claims against Defendant Wyrick are not outlandishly frivolous or necessarily poorly-reasoned. The claims stem from three citizens who honestly believe that their constitutional rights were violated. I can find nothing in the record that shows that the plaintiffs' attorney acted in bad faith or in such an egregious nature that would warrant sanctions under § 1927. Accordingly, Mr. Wyrick's motion for sanctions under § 1927 is denied.

An appropriate Order follows.