IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BRESLIN, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 12-0360 |
| | : | |
| DUNCANNON BOROUGH, | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                    **August 22, 2018**

　　This is the second civil rights action filed by three plaintiffs against their local township and some of its officials. It is very similar to the previous action they filed in 2009. See Breslin v. Dickinson Township, et al., 09-cv-1396 ("Breslin I"). The complaint allegedly "addresses a number of violations of the plaintiffs' rights as guaranteed by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States." The plaintiffs also allege that Moving Defendant Duncannon Borough violated their rights to petition for redress under the First Amendment to the U.S. Constitution, and their rights to the equal protection of the law under the Fourteenth Amendment to the U.S. Constitution. See Count III. Defendant Duncannon Borough filed a motion to dismiss for failure to state a claim upon which relief can be granted. The plaintiffs responded. For the following reasons, I will grant the motion in its entirety.

## I. BACKGROUND

The plaintiffs are three retired senior military officers who are residents of Dickinson Township, Cumberland County, Pennsylvania. The complaint includes a number of violations of the plaintiffs' rights as guaranteed by the First, Fourth, and Fourteenth Amendments. Specifically, the plaintiffs allege that their First Amendment rights to comment on matters of public concern free of retaliation, and their rights to petition for a redress of grievances free of retaliation were violated by the defendants. Further, they allege that their rights to privacy as protected by the Fourth Amendment and their Equal Protection rights under the Fourteenth Amendment were violated by the defendants, and that several of the defendants conspired to knowingly make false claims of potential criminal wrongdoing and knowingly enabling false claims and baseless innuendoes to be made public. This conduct was allegedly done with the express intent of destroying the plaintiffs' reputations, tainting potential jury pools, and intimidating the plaintiffs from exercising their rights of expression and to petition for redress.

The plaintiffs further allege that the defendants hid certain information from them after the plaintiffs requested that information pursuant to Pennsylvania's Right-to-Know laws. They also claim that the defendants forced the plaintiffs to pay hundreds of dollars of fees in connection with these requests where other citizens did not have to pay. The information requested was allegedly directly related to the original complaint filed Breslin I.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent rulings, however, the Supreme Court has rejected language in Conley stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a "complaint must allege facts suggestive of [the proscribed] conduct," Twombly, 550 U.S. at 564, and it must contain enough factual matters to suggest the required elements

of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must be careful to recognize that, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." Id. at 679 (emphasis added). In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which *are* entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id. (emphasis added).

While Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED.R.CIV.P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, the plaintiff must provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Twombly, 550 U.S. at 554). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

4

## III. DISCUSSION

### A. Plaintiffs Charles Breslin and Paul Cunningham

The complaint indicates that "the plaintiffs" bring Count III against Susan Smith, Duncannon Borough, and Dickinson Township. I must agree with Moving Defendant Duncannon Borough that Plaintiffs Breslin and Cunningham have failed to plead any facts as to any interaction among them and Duncannon Borough. Accordingly, I will grant the defendant's motion to dismiss Count III to the extent brought by Plaintiffs Breslin and Cunningham.

### B. Plaintiff Phillip Thompson

Count III of the complaint alleges that Defendants Susan Smith, Duncannon Borough, and Dickinson Township attempted to block public access, and the plaintiffs' lawful access under Pennsylvania's Right To Know Law to Defendant Smith's law service billings to Duncannon Borough. Defendant Smith allegedly submitted false information to Pennsylvania's Office of Open records in order to keep Plaintiff Thompson from gaining access to public records. The complaint alleges that Duncannon Borough was complicit in this activity which resulted in the denial of the plaintiffs' First Amendment right to seek a redress of grievances. In 2010 and 2011, Plaintiff Thompson reviewed vouchers allegedly submitted by Defendant Smith for legal services rendered to Defendant Dickinson Township. Mr. Thompson noted the possibility of double billing those services with services rendered to Duncannon Borough. On May 4, 2011, Mr. Thompson requested copies of the vouchers for legal services to Duncannon Borough from June 2010 through March 2011. The Borough Manager forwarded the request to

5

Defendant Smith on May 5, 2011. Duncannon Borough asked for an additional thirty days to process the request. The complaint indicates that the Borough denied Mr. Thompson's request by omission.

On August 10, 2011, Mr. Thompson made another request for the identical records. He emailed the request to the President of the Borough Council and the Borough member who had oversight of legal affairs. The request was forwarded to Defendant Smith, with a notation that it was important to meet the timeline. This request was allegedly denied again by omission.

On August 25, 2011, Mr. Thompson sent the Borough Manager yet another request for the identical records. He followed that email with a registered letter postmarked August 26, 2011. Again, the request was allegedly denied by inaction.

Mr. Thompson appealed these denials to the Commonwealth's Office of Open Records. Defendant Smith argued on behalf of Duncannon Borough that Mr. Thompson's appeals were untimely. She also argued that Mr. Thompson had not addressed his request to the Borough's Open Records Officer. The complaint alleges that these communications were knowingly false, misleading, an abuse of process, and a violation of the plaintiffs' First Amendment rights. It alleges that this conduct was in retaliation for the plaintiffs' filing of the earlier civil rights action, i.e., 09-cv-1936. The plaintiffs also insist that because Duncannon Borough approved Defendant Smith's actions, it knowingly joined in an effort to intentionally provide false and misleading information.

1. <u>Violation of First Amendment Right to Petition for Redress</u>

Plaintiff Thompson alleges a violation of his First Amendment right to petition the government for redress of grievances. To state a claim for violation of the First Amendment right to petition for redress, a plaintiff must "demonstrate that a defendant caused actual injury '. . . i.e., took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim.'" <u>Roberts v. Mentzer</u>, 382 F.App'x 158, 162 (3d Cir. 2010) (quoting <u>Beckerman v. Susquehanna Twp. Police & Admin.</u>, 254 F.App'x 149, 153 (3d Cir. 2007)). A denial of access to the courts relates to either (1) a claim of systematic official action that frustrates a plaintiff in preparing and filing suits; or (2) a claim alleging the defendants have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief. <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-413 (2002).

Here, Mr. Thompson alleges that he made requests for records under Pennsylvania's Right to Know Law. He alleges that he was aware of and exercised his right of appeal to the Pennsylvania Office of Open Records from the actions of Duncannon Borough. Those appeals were properly dismissed as untimely. The final determination indicated that it is binding on the parties, and that no further action would be taken. The determination also indicated that either party could appeal to the Perry County Court of Common Pleas within thirty days. There is no mention of such an appeal.

I must agree with Defendant Duncannon Borough which argues that Mr. Thompson failed to plead facts necessary to establish the elements of a claim of a First

Amendment violation of his right to petition for redress. Mr. Thompson's claim rests upon his attempt to turn his dissatisfaction with a state law administrative procedure for access to records into a federal Constitutional claim. Violations of state statutes do not give rise to claims for violations of civil rights. Benn v. Universal Health System, Inc., 371 F.3d 165, 174 (3d Cir. 2004). The plain language of 42 U.S.C. § 1983 supports causes of action based upon violations, under the color of state action, of federal statutory law or constitutional rights. It does not provide a cause of action for violation of state statutes. Because alleged violations of Pennsylvania's Right to Know Law do not give rise to a constitutional claim, I will grant the motion to dismiss Defendant Duncannon Borough as a defendant in Mr. Thompson's claim of a First Amendment violation of his right to petition for redress in Count III.

2. Violation of Fourteenth Amendment Right to Equal Protection

In the caption for Count III, the complaint mentions a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In the body of Count III, however, there is no further allegation or set of facts which would support such a claim.

The Fourteenth Amendment dictates that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV. The purpose of this clause is "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The fundamental inquiry under the Equal Protection

8

Clause is whether the defendant's actions disadvantage some suspect class or impinge upon a fundamental right protected by the Constitution. San Antonio Independent School District v. Rodriquez, 511 U.S. 1, 17 (1973). To state a claim under the Equal Protection Clause, a plaintiff has to plead that actions of the defendant did not apply to others similarly situated and also that the acts were made intentionally on the basis of race, religion, gender, national origin, or other impermissible classification and with no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Here, Mr. Thompson makes what amounts to a bald assertion of a violation of the Fourteenth Amendment in the heading for Count III. He alleges that his Fourteenth Amendment right to equal protection has been violated by Duncannon Borough. There are no facts, however, presented that would support such a claim. There is no mention that he was treated less favorably than those similarly situated. But, most importantly, Mr. Thompson did not show that Duncannon Borough infringed upon a basic constitutional right. Accordingly, I will grant the motion to dismiss Defendant Duncannon Borough as a defendant in Mr. Thompson's claim of a Fourteenth Amendment equal protection violation in Count III.

An appropriate Order follows.