# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BRESLIN, et al., | : | CIVIL ACTION |
|     Plaintiffs | : | |
| | : | |
| vs. | : | NO. 12-0360 |
| | : | |
| LAURA PORTILLO, | : | |
|     Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                         August 22, 2018

      This is the second civil rights action filed by three plaintiffs against their local township and some of its officials. It is very similar to the previous action they filed in 2009. See Breslin v. Dickinson Township, et al., 09-cv-1396 ("Breslin I"). This complaint allegedly "addresses a number of violations of the plaintiffs' rights as guaranteed by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States."

      The plaintiffs also allege that Moving Defendant Laura Portillo, the Dickinson Township Open Records Officer and Township Manager, denied them documents in response to Right-to-Know requests. See Compl. ¶¶ 3(e), 21, 35, 36, 41, 42, 43, 201. The plaintiffs appealed the denials in accordance with the provisions of the Pennsylvania Right-to-Know Law. Id. at ¶¶ 44, 201. The complaint contains one claim against Ms. Portillo, alleging that she did not provide proper responses to the plaintiffs' Right-to-Know requests. See Count V. Ms. Portillo has filed a motion to dismiss for failure to

state a claim upon which relief can be granted. The plaintiffs responded. For the following reasons, I will grant the motion in its entirety.

## I. BACKGROUND

The plaintiffs are three retired senior military officers who are residents of Dickinson Township, Cumberland County, Pennsylvania.. The complaint includes a number of violations of the plaintiffs' rights as guaranteed by the First, Fourth, and Fourteenth Amendments. Specifically, the plaintiffs allege that their First Amendment rights to comment on matters of public concern free of retaliation, and their rights to petition for a redress of grievances free of retaliation were violated by the defendants. Further, they allege that their rights to privacy as protected by the Fourth Amendment and their Equal Protection rights under the Fourteenth Amendment were violated by the defendants, and that several of the defendants conspired to knowingly make false claims of potential criminal wrongdoing and knowingly enabling false claims and baseless innuendoes to be made public. This conduct was allegedly done with the express intent of destroying the plaintiffs' reputations, tainting potential jury pools, and intimidating the plaintiffs from exercising their rights of expression and to petition for redress.

The plaintiffs further allege that the defendants hid certain information from them after the plaintiffs requested that information pursuant to Pennsylvania's Right-to-Know laws. They also claim that the defendants forced the plaintiffs to pay hundreds of dollars of fees in connection with these requests where other citizens did not have to pay. The information requested was allegedly directly related to the original complaint filed in Breslin I.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent rulings, however, the Supreme Court has rejected language in Conley stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a

"complaint must allege facts suggestive of [the proscribed] conduct," Twombly, 550 U.S. at 564, and it must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must be careful to recognize that, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." Id. at 679 (emphasis added). In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which *are* entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id. (emphasis added).

While Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED.R.CIV.P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, the plaintiff must provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Twombly, 550 U.S. at 554). A facially plausible claim may not be

4

supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Count V of the complaint alleges that Defendant Dickinson Township, by and through the actions of Defendants Laura Portillo, Allyn Perkins, and Susan Smith, has engaged in unlawful policy of burying, hiding, or ignoring the plaintiffs' Right To Know requests. It further alleges that this misconduct constitutes a First Amendment violation of the plaintiffs' rights, an abuse of process, and a denial of Plaintiff Thompson's right to the equal treatment of the laws pursuant to the Fourteenth Amendment to the U.S. Constitution. The alleged violations specifically alleged against Defendant Portillo include the following:

1. In December 2011, Ms. Portillo allegedly ignored and then denied a Right To Know request by Plaintiff Phillip Thompson that asked for records fundamental to this action's related case, i.e., 09-cv-1936, and which were entirely consistent with the intent of the Right To Know Law. See Compl. ¶ 201(A).

2. In August 2011, Defendant Portillo allegedly changed her practice of asking former officials to search their computers for public records in order to deny Plaintiff Thompson access to specific records he sought that also were fundamental to the related case. Ms. Portillo's decision not to ask any former or current official to search their private records was allegedly an attempt to deny Plaintiff Thompson's access to a record the defendants wished to conceal. Id. at ¶ 201(B).

3. In September 2011, Plaintiff Charles Breslin submitted a Right To Know request seeking a specific record. Defendant Portillo allegedly responded to this request just as she had to Plaintiff Thompson's request. First, Ms. Portillo denied the request on the basis that it was insufficiently specific. Rather than asking former and current township officials to search their personal records as had been her practice, she allegedly conducted what she described as a reasonable in-house search for the record. The plaintiffs view this change in search methodology and process as an attempt to deny Plaintiff Breslin's access to a record the defendants wished to conceal. <u>Id.</u> at ¶ 201(C).

4. In January 2011, Defendant Portillo asked to meet privately with the plaintiffs allegedly in order to advise them on how to overcome the Township's effort to deny them basic records. At a meeting held in Plaintiff Thompson's home, Defendant Portillo advised the plaintiffs of recent rulings by the Commonwealth's Office of Open Records and provided specific wording to the plaintiffs for use in their future Right To Know requests. In August 2011, Ms. Portillo recalled the meeting and the dinner but had no recollection of the subject matter of the meeting. In December 2011, the plaintiffs did not attend a public meeting. At that meeting, however, Ms. Portillo discussed the risk of asking former officials to search their computer records for public records. She advised that such requests would be "burdensome" and any decision to do that would haunt the township officials to their graves. <u>Id.</u> at ¶ 201(E).

In Count V, the complaint alleges that the Board of Supervisors purposely failed to exercise its authority to review documents deemed "denied" to determine if public interest favoring access outweighs any individual, agency, or public interest that may

favor restriction of denied documents. As a result, the complaint alleges, the Board has unlawfully permitted Ms. Portillo to usurp the Board's authority in order to destroy the companion case, i.e., 09-cv-1936, in making these unlawful Right-To-Know denials. Id. at ¶ 204.

To state a claim for a violation of the First Amendment right to petition for redress, a plaintiff must "demonstrate that a defendant caused actual injury '. . . i.e., took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim.'" Roberts v. Mentzer, 382 F.App'x 158, 162 (3d Cir. 2010) (quoting Beckerman v. Susquehanna Twp. Police & Admin., 254 F.App'x 149, 153 (3d Cir. 2007)). A denial of access to the courts relates to either (1) a claim of systematic official action that frustrates a plaintiff in preparing and filing suits; or (2) a claim alleging the defendants have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief. Christopher v. Harbury, 536 U.S. 403, 412-413 (2002).

The fundamental inquiry under the Equal Protection Clause of the Fourteenth Amendment is whether the defendant's actions disadvantage some suspect class or impinge upon a fundamental right protected by the Constitution. San Antonio Independent School District v. Rodriquez, 511 U.S. 1, 17 (1973). To state a claim under the Equal Protection Clause, a plaintiff has to plead that actions of the defendant did not apply to others similarly situated and also that the acts were made intentionally on the basis of race, religion, gender, national origin, or other impermissible classification and

7

with no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Here, the plaintiffs allege that they made requests for records under Pennsylvania's Right-To-Know law. They further allege that they were aware of and exercised their right of appeal to the Pennsylvania Office of Open Records from the actions of Defendant Portillo. Those appeals were properly dismissed as untimely. The final determination indicated that it is binding on the parties, and that no further action would be taken. The determination also indicated that either party could appeal to the Perry County Court of Common Pleas within thirty days. There is no record of such an appeal.

It is apparent that the plaintiffs' claim against Defendant Portillo rests on their attempt to turn their dissatisfaction with a state law administrative procedure for access to records into a federal Constitutional claim. Violations of state statutes do not give rise to claims for violations of civil rights. Benn v. Universal Health System, Inc., 371 F.3d 165, 174 (3d Cir. 2004). The plain language of 42 U.S.C. § 1983 supports causes of action based upon violations, under the color of state action, of federal statutory law or constitutional rights. It does not provide a cause of action for violation of state statutes.

Because alleged violations of Pennsylvania's Right-To-Know law do not give rise to a constitutional claim, I will grant the motion to dismiss Defendant Portillo as a defendant in this action.

Finally, Defendant Portillo insists that the plaintiffs' claims are "wholly frivolous," and that "it is clear that such claims have been brought in bad faith." Thus,

she argues, plaintiffs' counsel is liable for sanctions pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously *may be* required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). The statute, therefore, limits attorney sanctions imposed thereunder to instances where an attorney has: (1) multiplied the proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct. See In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 188 (3d Cir. 2002). The purpose of such sanctions is to deter an attorney from intentionally and unnecessarily delaying judicial proceedings. LaSalle Nat'l Bank v. First Conn. Holding Group LLC XXIII, 287 F.3d 279, 288 (3d Cir. Apr. 24, 2002). Sanctions are limited to the costs that result from such delay. Id.

Courts should exercise this sanctioning power only in instances of a serious and studied disregard for the orderly process of justice. Ford v. Temple Host., 790 F.2d 342, 347 (3d Cir. 1986) (quotations omitted). "The power to sanction under § 1927 necessarily 'carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" LaSalle, 287 F.3d at 289 (quoting Mone v. Commn'r of Intern. Revenue, 774 F.2d 570, 574 (2d Cir. 1985)).

9

Due to this potential for abuse, it has been well-established that sanctions may not be imposed under § 1927 without a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal. <u>LaSalle</u>, 287 F.3d at 289. Under § 1927, an attorney's "conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." <u>Baker Industr. Inc. v. Cerberus, Ltd.</u>, 764 F.2d 204, 208 (3d Cir. 1985). Further, courts "should resist temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff ultimately did not prevail, his action must have been unreasonable or without foundation." <u>Deyo v. St. Luke's Hospital and Health Network</u>, 2010 U.S. Dist. LEXIS 39014, *8 (E.D. Pa. Apr. 19, 2010).

Here, the plaintiffs' claim against Defendant Portillo is not outlandishly frivolous or necessarily poorly-reasoned. The claim stems from three citizens who honestly believe that their constitutional rights were violated. I can find nothing in the record that shows that the plaintiffs' attorney acted in bad faith or in such an egregious nature that would warrant sanctions under § 1927. Accordingly, Ms. Portillo's motion for sanctions under § 1927 is denied.

An appropriate Order follows.